J-S26034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY FAIOLA :
:
Appellant : No. 506 MDA 2022

Appeal from the Judgment of Sentence Entered September 3, 2019
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000261-2019

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 31, 2022**

Appellant Anthony Faiola files a direct appeal *nunc pro tunc* from the judgment of sentence entered on September 3, 2019 by the Court of Common Pleas of Schuylkill County. After careful review, we affirm.

Appellant was charged with corruption of minors, indecent assault, and endangering the welfare of a child in connection with the 2017 sexual assault of a minor ("the victim"). After a jury trial, at which the victim testified against Appellant, the jury convicted Appellant on all charges. On July 31, 2019, the trial court entered a sentencing order which stated that Appellant was sentenced to an aggregate 2½ to 10 years in prison.

On August 29, 2019, the Commonwealth filed a motion to amend the sentencing order which contained a clerical error. The Commonwealth

---

[*] Former Justice specially assigned to the Superior Court.

specifically claimed that the sentencing order should have stated that Appellant was sentenced to 2½ to **5** years in prison, as the trial court had stated on the record during sentencing. ***See*** Notes of Testimony (N.T.), Sentencing, 7/31/19, at 26 ("So it's 2 and a half to 5 years"). On September 3, 2019, the trial court granted the Commonwealth's motion and issued an amended sentencing order.[1]

Appellant did not file a post-sentence motion. Instead, on September 16, 2019, Appellant filed a notice of appeal which was subsequently docketed at 1502 MDA 2019.

On October 8, 2019, this Court, apparently unaware of the amended judgment of sentence, issued a rule to show cause as to why Appellant's appeal should not be quashed as untimely filed as it was not filed within thirty days of the original sentence entered on July 31, 2019. ***See*** Pa.R.A.P. 903 (notice of appeal shall be filed within thirty days after entry of order from which appeal is taken).

After Appellant filed a response, which did not mention that the trial court had amended the judgment of sentence on September 3, 2019, this Court entered a *per curiam* order quashing the appeal as untimely filed as it concluded Appellant's response "did not present legal argument to justify this Court's jurisdiction." ***See*** Order, 10/22/19.

---

[1] ***Commonwealth v. Hoover***, 231 A.3d 785, 792 (Pa. 2020) (reaffirming that a trial court has the inherent power to correct "patent and obvious errors that appear on the face of an order" beyond the thirty-day time limit set forth in 42 Pa.C.S.A. § 5505).

On August 20, 2020, Appellant filed a PCRA petition raising a claim of ineffectiveness of counsel. On November 4, 2021, this Court raised *sua sponte* the issue of the timeliness of Appellant's direct appeal. This Court noted that "[i]n cases where the trial court amends the sentence, the direct appeal lies from the amended judgment of sentence – not the prior erroneous sentence." **Commonwealth v. Faiola**, 264 MDA 2021, 2021 WL 5121239 (Pa.Super. 2021) (unpublished memorandum) (citing **Commonwealth v. Wenzel**, 248 A.3d 540, 545 (Pa.Super. 2021)).

Thus, this Court found Appellant's original notice of appeal, which was filed thirteen days after the trial court entered the amended sentence, was timely and had been improperly quashed due to a breakdown in court process. Accordingly, this Court vacated the PCRA court's order and remanded for the reinstatement of Appellant's direct appeal rights *nunc pro tunc*.

Upon remand, the PCRA court entered an order on January 18, 2022 reinstating Appellant's direct appeal rights. On January 21, 2022, Appellant filed a post-sentence motion, which the trial court entertained and denied on March 17, 2022. Appellant filed the instant appeal on March 24, 2022.

As an initial matter, before we reach the merits of this appeal, we must determine whether this appeal is properly before us. On April 28, 2022, this Court issued a second rule to show cause as to why the appeal should not be quashed as untimely as Appellant had not filed an appeal within thirty days of the order reinstating his direct appeal rights pursuant to Rule 903. **See Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa.Super. 2004) ("[w]hen

the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within thirty days of the order reinstating the appeal rights").

This Court noted that while Appellant filed a post-sentence motion on January 21, 2022, the trial court's order reinstating Appellant's direct appeal rights did not state that Appellant's right to file a post-sentence motion was reinstated. This Court cited the precedent in **Commonwealth v. Liston**, 977 A.2d 1089, 1094 (Pa. 2009) in which the Supreme Court held that appellants who have been granted the right to file a direct appeal *nunc pro tunc* do not have the automatic right to file post-sentence motions *nunc pro tunc*.

In his response to the rule to show cause, Appellant cited to the transcript of the hearing held on January 14, 2022 in which the PCRA court reinstated Appellant's direct appeal rights. Appellant noted the PCRA court informed Appellant on the record at the hearing that he had the right to file a post-sentence motion within ten days of the hearing and provided Appellant instruction on how to file this motion. N.T. Hearing, 1/14/22, at 3-4.

In a similar case, in **Wright**, this Court found the trial court erred in entertaining Wright's post-sentence motion which he had filed after the PCRA court had reinstated his right to file a direct appeal *nunc pro tunc*. This Court noted Appellant never sought the reinstatement of his right to file a post-sentence motion and the PCRA court never reinstated Wright's right to file a post-sentence motion. **See Wright**, 846 A.2d at 734 (reiterating that "in order for a petition to file a post-sentence motion *nunc pro tunc* to be granted,

- 4 -

a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness" of the post-sentence motion).

In addition, this Court emphasized in *Wright* that the order reinstating the appellant's direct appeal rights did not automatically reinstate the appellant's right to file a post-sentence motion. *Id*. As such, this Court concluded that the "trial court's resolution of [Wright's] belated post-sentence motion was no substitute for an order expressly restoring the right to file a post-sentence motion *nunc pro tunc*." *Id*.

However, this Court declined to quash Wright's appeal as the trial court never informed him of the thirty-day time period to file an appeal. This Court clarified that "if a PCRA court restores a defendant's direct appeal rights *nunc pro tunc,* the court must inform the defendant that the appeal must be filed within 30 days of the entry of the order." *Id*. at 735.

Likewise, in this case, Appellant never sought restoration of his right to file a post-sentence motion *nunc pro tunc* and the PCRA court never expressly reinstated Appellant's right to file a post-sentence motion. As a result, it was error for the PCRA court to inform Appellant upon remand that he had a right to file a post-sentence motion, when Appellant never requested this relief or proved that he was entitled to file a post-sentence motion *nunc pro tunc*. It was also error for the lower court to review the merits of Appellant's belated post-sentence motion when he had never been granted the right to file such a motion.

Nevertheless, as the PCRA court had erroneously advised Appellant that he had the right to file a post-sentence motion after his direct appeal rights had been reinstated, Appellant was not properly informed that his only avenue for relief was to file a notice of appeal. Accordingly, as we cannot fault Appellant for failing to file a timely appeal within thirty days of the reinstatement of his direct appeal rights, we decline to quash this appeal.

Appellant raises two issues for our review on appeal:

1. Whether the trial court erred in denying [Appellant's] post-sentence motion challenging the weight of the evidence where the alleged minor witness/victim was incapable of identifying [Appellant] as her assailant with any degree of certainty, rendering the verdict issued unreliable, tainted, questionable, and contrary to the weight of the evidence?

2. Whether the trial court erred in denying [Appellant's] post-sentence motion challenging the trial court's conducting the competency hearing of the minor witness/victim in the presence of the jury as the trial court's so doing had the practical effect of endorsing the credibility of the minor witness/victim to the jury?

Appellant's Brief, at 5 (reordered for ease of review).

Appellant first challenges the weight of the evidence supporting his convictions. Our rules of criminal procedure provide that a weight of the evidence claim must be raised before the trial court in a motion for a new trial by one of three avenues: "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). *See also Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009) (holding that although the appellant "included an issue challenging the verdict on weight of the evidence

grounds in his [Rule] 1925(b) statement and the trial court addressed [the appellant's] weight claim in its Pa.R.A.P 1925(a) opinion[, the appellant] did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion" (citations omitted)).

Our review of the record shows that Appellant did not raise his challenge to the weight of the evidence before the trial court and did not file a post-sentence motion within ten days of his sentencing. As noted above, Appellant raised the weight claim for the first time in a post-sentence motion that he was not entitled to file after his direct appeal rights had been reinstated and he had never been granted the right to file a post-sentence motion *nunc pro tunc*. As such, we find this claim waived.

Appellant also claims the trial court erred in conducting the competency hearing of the minor witness/victim in the presence of the jury which Appellant alleges had the practical effect of endorsing the victim's credibility.

However, our rules of appellate procedure provide that "issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Appellant did not object before or during the trial to the manner in which the competency hearing was held. Appellant did not file a motion within ten days of sentencing to seek a new trial on this basis. Instead, he waited to raise this claim in the post-sentence motion that he was not entitled to file after the reinstatement of his direct appeal rights.

Accordingly, we find this claim waived on appeal pursuant to Rule 302.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/31/2022</u>